## Rowe's Estate.

*Mortgage—Attorney's commissions—Decedent's estates—Orphans' court.*

A mortgagee may present his mortgage to an auditor of the orphans' court for allowance during the pendency of a scire facias sur mortgage in the court of common pleas, and the auditor may not only allow the amount of the mortgage debt, but also the attorney's commissions specified in the mortgage.

*Mortgage—Widow's exemption—Decedent's estates.*

A widow cannot claim her exemption out of a fund raised by a sale of decedent's real estate as against a mortgage, whether purchase money mortgage or not.

Argued March 10, 1903. Appeal, No. 9, Jan. T., 1904, by Dora C. Rowe, administratrix, from decree of O. C. Luzerne Co., No. 118, of 1899, dismissing exceptions to adjudication tin estate of John Rowe, deceased. Before BEAVER, ORLADY, SMITH, W. D. PORTER and MORRISON, JJ. Affirmed.

Exceptions to adjudication.

From the record it appeared that the fund for distribution arose from the sale of decedent's real estate by the administratrix under an order of court. The real estate was covered by a mortgage to George B. Kulp for $3,800. Prior to the sale a scire facias sur mortgage had been issued in the common pleas against the administratrix. The court allowed as against the widow's exemption not only the amount of the mortgage, but also attorney's commisssions specified in the mortgage.

FREAS, P. J., filed an opinion which was in part as follows :

That the mortgagee may present his mortgage to the auditor of the orphans' court for allowance during the pendency of a sci. fa. sur mortgage, and that its allowance by the auditor does not affect the proceedings in the common pleas has been decided in Smith's Estate, 194 Pa. 259. The costs of sci. fa. are no part of the claim before the auditor, and only such costs may there be allowed as are incident to its collection in the orphans' court and the auditing judge so found. The mortgage contained a forfeiture clause, and it was found upon sufficient evidence that payments were in arrears, thus making the whole debt due, and hence payable as the mortgagee might elect. It provided also for an attorney's commission of five per cent, which does not render the contract usurious : Huling v. Drexell, 7 Watts, 126.

The auditing judge allowed the mortgagee the sum of $190 for attorney's commission, which amount was earned and the same percentage has been allowed on like amounts in numerous cases : 2 P. & L. Digest of Decisions, col. 1826.

There is no question of the right of mortgagee to recover attorney's commission where the employment of counsel is necessary, when so provided in the mortgage, in the court of common pleas, but has he that right in the orphans' court? The contract of the parties is to the effect that if it becomes neces-

sary for the mortgagee to engage the services of an attorney in order to collect the debt, then the mortgagor will pay to the mortgagee such an additional sum, not to exceed the percentage named, as is earned by the attorney in enforcing collection. In the case at bar the services of an attorney were as necessary in the orphans' court as they could be in sci. fa. proceedings, for collection was contested by the administratrix at every stage. When allowed, the commission is a part of the debt, and it is the duty of the court to ascertain the full amount owing according to the terms of the contract. It is not a penalty, but a part of the debt, and there is no reason apparent why one amount should be found due in the common pleas and a lesser amount in the orphans' court. Both are proceedings at law, and effect the same purpose, and in both where the collection is contested the services of counsel are equally necessary, which is the very subject in contemplation of the parties in making this clause of the contract. We can find only two reported cases in this state on the matter.

In Keebler's Estate, 4 Pa. Dist. Rep. 346, the commission was not allowed from the general fund of the estate under circumstances peculiar to the case; while in Ihmsen's Estate, 29 Pitts. L. J. 218, the commission was allowed, although the proceedings were not contested as in the case at bar.

The court sustained the exception of Geo. B. Kulp, mortgagee, to the effect that as against the mortgage the widow could not claim her appraisement out of the real estate fund, in its opinion, and stated it to be a purchase money mortgage. The administratrix now claims that it was not a purchase money mortgage. It was held in Kauffman's Appeal, 112 Pa. 645, that it is immaterial whether it is a purchase money mortgage or not. The exception is dismissed.

*Error assigned* was the decree of the court affirming the adjudication.

*Edmund G. Butler*, for appellant.—A claim against a decedent's estate which is in suit pending in the common pleas can only be proved in the orphans' court upon its withdrawal from the jurisdiction had by the common pleas : Smith's Estate, 194 Pa. 259; Moore's Estate, 8 Pa. C. C. Rep. 447.

An attorney's commission is a penalty and must be clearly provided for, and does not belong to the attorney but to the creditor: Daly v. Maitland, 88 Pa. 384.

The orphans' court held that this commission had been earned by Mr. Strauss ; but there is no authority in law or equity for the orphans' court to compensate a creditor's attorney: McCloskey's Estate, 12 Phila. 74 ; Gray's Estate, 7 W. N. C. 542.

We confidently claim that the said five per cent is an usurious contract ; it belongs to the mortgagee ; it is not based upon a default, is absolutely payable as well as principal and interest ; it is a device for a bonus and is not collectible : Fitzsimons v. Baum, 44 Pa. 32; Earnest v. Hoskins, 100 Pa. 551; Hartranft v. Uhlinger, 115 Pa. 270 ; Blymyer v. Colvin, 127 Pa. 114.

*S. J. Strauss*, with him *John A Opp*, for appellees, cited: Hammett's App., 83 Pa. 392 ; Yocum v. Commercial Nat. Bank, 195 Pa. 411 ; Ritchey's Estate, 8 Pa. Superior Ct. 527 ; Robinson v. Loomis, 51 Pa. 78 ; Daly v. Maitland, 88 Pa. 384 ; Huling v. Drexell, 7 Watts, 126 ; Ihmsen's Est., 29 Pitts. L. J. 218.

PER CURIAM, April 20, 1903 :

The distribution of the decedent's estate, as made by the auditor and finally confirmed by the orphans' court, is fully justified by the auditor's report and the opinion of the court. The appellant was fully heard upon exceptions and the reasons for dismissing them are carefully stated by the court.

We see no occasion for discussing the reasons for or dissenting in any way from the conclusions reached. The distribution was properly made and the appellant has no good legal reason for her appeal from the final decree.

Decree affirmed and appeal dismissed at the cost of the appellant.